# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| OLGA SHAH, | : | |
| | : | Civil No. 12-4648 (RBK/KMW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ASHOK SHAH, | : | |
| | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

Before the Court is Plaintiff Olga Shah's ("Plaintiff") motion "to prevent defendant's efforts to hide/reduce his income." The Court interprets this motion as a motion for injunctive relief or a temporary restraining order ("TRO") against Ashok Shah ("Defendant").[1] For the reasons set forth below, this motion will be **DENIED**.

## I. FACTUAL BACKGROUND

This matter arises out of pro se Plaintiff's claim for enforcement of an Affidavit of Support Form I-864 ("Form I-864"), against her husband, Ashok Shah. Plaintiff and Defendant are evidently involved in pending divorce proceedings after being married in 2010. Pursuant to the Form I-864, Defendant promised to maintain Plaintiff at an income equal to at least 125

---

[1] Because this motion is construed a non-dispositive motion for injunctive relief or a TRO, the Court does not resolve it on the grounds of being filed out of time, as Defendant argues. The date of May 17, 2013 was set by the Court as a deadline for filing dispositive motions. It is similarly not time-barred by the deadline for discovery motions.

percent of the Federal Poverty Guidelines in order to secure her legal immigration status in the United States prior to their marriage. Because of the limited scope of the instant motion, it is not necessary for this opinion to recount the factual background of this matter in further detail.[2]

## II. LEGAL STANDARD FOR INJUNCTIVE RELIEF

In order to be granted the extraordinary relief of a preliminary injunction, a plaintiff must demonstrate that (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1988), cert denied, 526 U.S. 1130 (1999). Essentially the same standard applies to temporary restraining orders. See Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999). A plaintiff must show that all four factors weigh in favor of an injunction or TRO. Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990). The standard for a permanent injunction is the same as for a preliminary injunction, except that the plaintiff must show actual success on the merits, and not merely a likelihood of success. See Univ. of Texas v. Camenisch, 451 U.S. 390, 392 (1981).

## III. DISCUSSION

Because this matter is still pending, Plaintiff cannot show actual success on the merits. Therefore, a permanent injunction is not appropriate. For this reason, the Court construes the motion as one for a temporary injunction or alternatively for a TRO. Plaintiff has not made an adequate showing to obtain either form of preliminary relief.

If Plaintiff succeeds in this suit, she will be entitled to a judgment for money damages against Defendant. Plaintiff's motion fails because it does not meet the "irreparable harm"

---

[2] For more detail on the factual background, see the Court's opinion of this date in Plaintiff's motion for summary judgment (Docket No. 33).

2

factor. Maldonado, 157 F.3d at 184. In her motion, Plaintiff appears to demonstrate that Defendant has advertised on the Internet that he has a residential property in Gloucester City, New Jersey available to rent. Pl. Br. at 1. She characterizes this as an effort to "hide/reduce his income from [the] rental property" in Gloucester City. Id. However, she has not explained why Defendant's efforts to rent this property should be considered an effort to conceal or hide assets. For example, she has not demonstrated that he is concealing any proceeds from the rental of this property in a location or medium that would make them unavailable to satisfy a judgment. Further, documents previously filed in this litigation indicate that Defendant owns a significant amount of real estate and other assets. For example, the prenuptial agreement submitted as an exhibit to Plaintiff's complaint (Docket No. 9) indicates that Defendant owns five pieces of real estate valued in 2010 at over $1.3 million, and subject to mortgages totaling only $220,000. The prenuptial agreement also lists other assets owned by Defendant with a total value of over $500,000. Even if Defendant were in some way concealing rent proceeds received from the Gloucester City property, Plaintiff has not shown that Defendant's other assets would be unavailable to satisfy any judgment she might obtain against him. Because Plaintiff has not shown that Defendant has taken any actions to make his assets unavailable to satisfy a judgment, she has not shown that any danger of "irreparable harm" exists. Because she has not satisfied this factor, it is not necessary to discuss the other factors necessary to obtain injunctive relief or a TRO.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion will be denied. An appropriate order shall issue.

Dated: 10/28/2013     /s/ Robert B. Kugler
                     ROBERT B. KUGLER
                     United States District Judge