NOT FOR PUBLICATION                                                            (Doc. Nos. 109 & 110)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| Olga SHAH, | |
| Plaintiff, | Civil No. 12–4648 (RBK/KMW) |
| v. | **OPINION** |
| Ashok SHAH, | |
| Defendant. | |

**KUGLER**, United States District Judge:

      This action comes before the Court on the motions of Olga Shah ("Plaintiff") for a new trial pursuant to Federal Rule of Civil Procedure 59 (Doc. No. 109) and for amendment of court findings pursuant to Federal Rule of Civil Procedure 52 (Doc. No. 110). Plaintiff also requests that the United States pay her transcript fees. For the reasons articulated below, Plaintiff's motions are **DENIED.**

**I.     BACKGROUND**

      This matter arose out of *pro se* Plaintiff's claim for enforcement of an Affidavit of Support, Form I-864 ("Form I-864"), against her ex-husband, Ashok Shah ("Defendant"). In January 2010, Plaintiff obtained a fiancé visa, and she married Defendant in April 2010. Defendant signed a Form I-864 on behalf of Plaintiff on August 13, 2010. Based on Defendant's Form I-864, Plaintiff obtained conditional resident status for two years, *see* Joint Final Pretrial Order at 1 (Doc. No. 68), beginning on May 25, 2011 (Doc. No. 105). Defendant filed a divorce complaint in 2011, but later withdrew that complaint. Joint Final Pretrial Order at 1.

On July 24, 2012, Plaintiff filed a Complaint seeking to enforce the Form I-864 retroactively to June 2011, the date when Defendant allegedly abandoned her and terminated financial support (Doc. No. 1). Defendant filed another divorce complaint in January 2013. Final Pretrial Order at 1. Plaintiff's original conditional resident status was set to expire on May 25, 2013. However, on March 4, 2013, U.S. Citizenship and Immigration Services (USCIS) extended Plaintiff's conditional resident status for one year (Doc. No. 25). Defendant sent a letter to USCIS on March 20, 2013, seeking to withdraw the Form I-864 on behalf of Plaintiff (Doc. No. 65, Exh. 1). The divorce was finalized on August 12, 2013. Final Pretrial Order at 1. Defendant sent another letter on November 7, 2013, informing USCIS of the divorce and asking USCIS to deny Plaintiff the status of lawful permanent resident (Doc. No. 65, Exh. 2).

This Court granted partial summary judgment to Plaintiff on the issue of liability, Opinion of October 28, 2013 at 8 (Doc. No. 43), but denied Plaintiff's summary judgment motion as to damages because there were material facts in dispute. *Id.* at 12. On December 13, 2013, USCIS adjusted Plaintiff's status from conditional resident to lawful permanent resident (Doc. No. 105). This adjustment was obtained by the Plaintiff on her own petition. Final Pretrial Order at 1.

This matter went to a trial by jury solely on the issue of damages. Plaintiff filed her "Notice of Removal of Conditional Basis of Lawful Permanent Residence" with this Court on March 16, 2015—the same day as the trial (Doc. No. 105).This Court determined that, as a matter of law, Defendant owed Plaintiff support from June 1, 2011 to December 13, 2013. Defendant's obligation under Form I-864 was to maintain Plaintiff at an income of at least 125% of the federal poverty line. After a one-day trial, the jury returned a verdict. The jury found that Defendant had not yet paid any of his obligation to Plaintiff, that Plaintiff already received

2

$27,372 during the relevant time period, and that Defendant did not prove that Plaintiff failed to mitigate her damages. On March 17, 2015, this Court entered judgment in favor of Plaintiff and against Defendant in the amount of $8,145.99.[1] On March 26, 2015, Plaintiff filed the instant motions: Motion for a New Trial (Doc. No. 109) and Motion for Amendment of Court Findings (Doc. No. 110).

## II.   DISCUSSION

### A. Motion for a New Trial

Plaintiff moves for a new trial, alleging errors of law, erroneous jury instruction, and judicial misconduct. Federal Rule of Civil Procedure 59(a)(1) states: "The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Plaintiff's sole concern appears to be this Court's determination that Defendant's obligation to support Plaintiff terminated on December 13, 2013, the date when USCIS granted Plaintiff an adjustment of status to lawful permanent resident.

Plaintiff obtained two-year conditional resident status on May 25, 2011 based on Defendant's Form I-864. Support obligations under Form I-864 terminate when the alien: (1) becomes a United States citizen; (2) has worked or can be credit with 40 qualifying quarter under the Social Security Act, 42 U.S.C. § 401, *et seq.*; (3) ceases to hold the status of an alien lawfully admitted for permanent residence and departs the United States; (4) obtains a new grant of adjustment of status as relief from removal; or (5) dies. 8 C.F.R. § 213a2(e)(2). After Plaintiff

---

[1] Federal Poverty Guidelines indicated that Plaintiff's income needed to be maintained at $35,517.99 for the relevant time period to meet the requirement under Form I-864. As the jury found that Plaintiff had already received $27,372 during the relevant time period, the Court entered judgment for the difference: $8,145.99.

received a one-year extension from USCIS, her status was set to expire on May 25, 2014. But upon Plaintiff's petition, USCIS adjusted Plaintiff's immigration status to that of lawful permanent resident on December 13, 2013 (Doc. No. 105). Because Plaintiff's status adjustment was not based upon Defendant's Form I-864, her status adjustment terminated Defendant's obligation to support Plaintiff. As such, Plaintiff's Motion for a New Trial (Doc. No. 109) is **DENIED**.

### B. Motion for Amendment of Court Findings

Plaintiff also moves for an amendment of court findings. "On a party's motion . . . the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Rule 52(b) allows district courts to "correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence." *Roadmaster (USA) Corp. v. Calmodal Freight Systems, Inc.*, 153 Fed. Appx. 827, 829 (3d Cir. 2005).

Rule 52 governs "findings and conclusions . . . by the court." Fed. R. Civ. P. 52(a). The court finds facts in cases "tried on the facts without a jury or with an advisory jury." *Id.* Rule 52(b) relief is available after summary judgment has been granted, after a bench trial, and in habeas proceedings. *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). However, Rule 52(b) relief is not appropriate after a jury trial. *See Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993) (grounds for Rule 52(b) relief include "'manifest error of fact or law' *by the trial court*, 'newly discovered evidence,' or 'a change in the law.'" (emphasis added)). This Court does not have the authority pursuant to Rule 52(b) to amend findings made by a jury. As such, Plaintiff's Motion for Amendment of Court Findings (Doc. No. 110) is **DENIED**.

**C. Request for Trial Transcripts**

Plaintiff requests that the United States pay her transcript fees under 28 U.S.C. § 753(f). Section 753(f) states, in part, that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." On July 27, 2012, this Court permitted Plaintiff to proceed *in forma pauperis* (Doc. No. 2). However, Plaintiff has not requested to appeal *in forma pauperis*, and neither this Court nor a judge on the Third Circuit has certified that an appeal would present a non-frivolous, substantial question. As such, Plaintiff's request for the United States to pay her transcript fees is **DENIED WITHOUT PREJUDICE**.

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motions are **DENIED**.

Dated:     10/30/2015                                                              s/ Robert B. Kugler

ROBERT B. KUGLER

United States District Judge